LUTHER E. HALL, Judge pro tem.
Plaintiff instituted this suit against defendant, a public warehouseman, seeking to recover damages in the amount of $18,-109.97 allegedly resulting from defendant’s breach of storage contract by placing certain barrels of dried milk powder, shipped to defendant by plaintiff in the year 1946, in an area of defendant’s warehouse allegedly infested with a certain insect known as the confused flour beetle (tribolium confu-sum), thus causing the milk powder to become contaminated with the beetle and unfit for human consumption.
After trial on the merits the District Court rejected plaintiff’s demand, and plaintiff brings this appeal.
The District Judge, in his reasons for judgment, held that plaintiff had not proved the alleged source of the infestation of the milk powder, and that defendant had exercised the degree of care imposed upon ware-housemen by LSA-R.S. 54:21.
A great part of the three volume record in this case is comprised of testimony, both factual and expert, relative to the many circumstances which in plaintiff’s opinion show the milk powder was free of beetles when delivered to defendant for storage. It would take several pages to discuss this evidence, and we think it would serve .no useful purpose in view of the fact that we agree with the reasons relied on by the District Judge in rejecting plaintiff’s demand. However, at the least, the evidence does not exclude the possibility that some of the barrels might have been infested prior to arrival at defendant’s warehouse, and might have been the source of the infestation of the balance of plaintiff’s products. But even assuming that every single barrel of milk powder was free from the beetle when delivered to defendant, plaintiff has still not borne its burden of proving its claim, since he has to prove in addition that the infestation resulted from fault or neglect on the part of defendant.
In its efforts to show negligence on the part of defendant, plaintiff produced the testimony of its former sales agent, Mr. King, and his son that they observed beetle-infested rice on the floor of defendant’s warehouse when the barrels of milk powder were removed for inspection; and that they also observed beetle-infested rice in cracks in the warehouse floor in the area. However, this testimony is in direct conflict with the testimony of the warehouse superintendent, the warehouse manager and other employees of the defendant.
Mr. King further testified that he took samples of the beetle-infested rice, “and it had all been identified”; however, plaintiff produced neither the rice nor the report on it, nor any explanation for its failure to produce this most significant evidence.
The District Judge, who heard and observed the witnesses, was of the opinion that plaintiff failed to prove the presence of the rice on the warehouse floor, and we find no error in that conclusion.
Even assuming that beetle-infested rice was found on the warehouse floor, a fact which was not proved to our satisfaction, it is just as possible that the beetles came from the milk powder and infested the rice as that the beetles from the rice got into the milk.
The record shows the measures taken by the defendant in preparing areas in its warehouse to receive goods for storage, its practices in regard to cleaning and fumigating its facilities, and the freedom from cracks of the tongue-and-groove hardwood flooring in the area in which the milk powder was stored, and we find no manifest error in the District Court’s conclusion that defendant exercised such care “as a reasonably careful owner of similar goods would exercise”. LSA-R.S. 54:21.
*106 Defendant further showed by uncon-tradicted testimony of a disinterested party that in 61 of 100 barrels of the infested product which had been shipped to New Jersey one of the two paper bag linings of the barrels was found to be torn, and that in 15 of those 61 barrels both linings were torn; and moreover, inside a number or barrels mouse feces was found on top of the linings. We are inclined to agree with defendant’s contention that it exercised better care of the product as warehouseman than plaintiff did as owner.
Since defendant has shown that it exercised the care required of it by law, and since it is not an insurer of the goods deposited with it, it follows that it is not liable to plaintiff for the damages claimed. Gold v. Caddo Transfer & Warehouse, Inc., 7 La.App. 342.
The judgment of the District Court is accordingly affirmed.
Affirmed.